[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs from the assessment of damages made by the defendant for the taking of a portion of their property in the Town of South Windsor as shown on a map entitled: "TOWN OF SOUTH WINDSOR MAP SHOWING LAND ACQUIRED FROM WARREN M. NEWBERRY ET AL BY THE STATE OF CONNECTICUT CONN. RTE. 30 COMMUNITY ROAD SCALE 1" = 40' AUGUST 1990 ROBERT W. GUBALA TRANSPORTATION CHIEF ENGINEER — BUREAU OF HIGHWAYS." A copy of the map revised to June 14, 1991, was introduced into evidence by agreement and marked Exhibit C. A description of the taking appears in the Notice of Condemnation which was introduced into evidence by agreement and marked Exhibit A. A description of the taking also appeared in the complaint.
The parties stipulated that the date of the partial take was November 21, 1991, and that it consisted of 0.033 of an acre in fee simple and a right to reconstruct driveway over 0.002 of an acre. They agreed that damages as assessed by the defendant in the sum of $7,750 were deposited with the clerk of the superior court.
The defendant interposed a special defense alleging that this administrative appeal is untimely because not perfected within the time frame set forth within General Statutes 13a-76. This precise claim was raised by the defendant in a motion to dismiss and considered and denied by the court (Aurigemma, J.) in a memorandum of decision dated September 9, 1992. The defendant filed a notice of intent to appeal that decision. The decision turns largely upon facts and the invitation to reconsider under Breen v. Phelps, 186 Conn. 86, 97 et seq. is declined.
The subject property consisted before the take of 0.255 of an acre of land upon which there was and is a commercial office building which had been converted from a residential building. Other improvements included 5,800 CT Page 4805 square feet, more or less, of paving, a walkway, lawn area and plantings and an advertising sign illuminated by ground-mounted lights. It lies at the northwest intersection of Ellington Road (Connecticut Route 30) and Community Road in South Windsor. It had 104 feet, more or less, of frontage on the north side of Ellington Road and 107 feet, more or less, of frontage on the west side of Community Road. It is generally level and at street grade. There is ample space for parking on the paved area north and west of the building. The property has its own well and it is served by all utilities.
South Windsor is largely residential in character and is situated northeast of Hartford. It is served by major highways and is readily accessible to Hartford. The subject property is in the southeast portion of South Windsor just westerly of the "Five Corners" intersection. It lies in an area in which there has been commercial growth in recent years.
The building is partly a two and one-half storey building and partly a one storey building. It contains three office suites, two of which are occupied by the two owners of the building. It was built in 1910 but remodeled in 1990 and is in good condition. It lies in the RC (Restricted Commercial) zone and was nonconforming at least as to lot size, area and front yard requirements at the time of the take.
The take consists of a strip of land containing 0.033 acres and lying along the frontage of the subject property on the two intersecting streets. Included within the area of the take were the sign, some small shrubs and about 500 square feet of paving. The defendant took rights to construct a driveway into the property from Community Road and to alter the grade along a portion of the Community Road frontage.
After the taking, frontage of 75 feet along Ellington Road and 67 feet along Community Road will be joined by a curve 43 feet in length at the intersection. The two streets will be closer to the building and the area of the subject property will be reduced by 1,437 square feet. The defendant obtained an area variance from the Zoning Board of Appeals, as required by General Statutes CT Page 480648-24 to allow a reduction of lot area from 11,112 square feet, more or less, to 9,675 square feet, more or less.
The plaintiffs called Peter R. Marsele, a qualified real estate appraiser, to testify as an expert witness on their behalf. Marsele opined that the highest and best use of the subject property after the take is continued use as an office building. He used both the market and the income approach, but relied upon the income approach to value because of the business use of the property. He estimated the fair market value of the property before the take at $240,600. He opined that a new front yard variance and new site plan approval will have to be obtained because of the taking and that they will be granted when applied for. Marsele testified that before the take the street line was 18 feet from the building at the closest point and that after the take this distance was reduced to 6 feet. He opined that over the years the building will deteriorate as a result of shaking caused by heavy traffic in such close proximity to the building. He estimated that the total fair market value of the subject property after the take is $206,400. He estimated damages at $34,200.
The defendant called Nancy Piggott, a civil engineer who directed this project, as a witness. Piggott opined that the building foundation would not be affected by the proximity of the highway because the project was designed according to state standards which take that into consideration. She agreed that a maximum weight vehicle would cause some vibration. Piggott measured the distance between the edge of pavement and the building at 16 feet at the closest point after construction.
The defendant also called Joseph M. D'Eugenio, a qualified real estate appraiser, as an expert witness. D'Eugenio opined that the highest and best use of the subject property is its continued use for office utilization. He used both the comparable sales approach and the cost approach to value, but he gave the greatest weight to the cost approach to estimate the fair market value of the subject property. He estimated the fair market value of the subject property at $210,000 before the take and $200,000 after the take. He estimated damages at $10,000. CT Page 4807
After viewing the property and giving due consideration to the testimony of all of the witnesses and all of the evidence, and to my own knowledge of the elements establishing value, I concluded that the damages sustained by the plaintiffs were $14,500. Judgment may enter for the plaintiffs to recover $6,750 in addition to the $7,750 already paid, with interest on said further sum from the date of taking to the date of payment, together with costs and an allowance of $1,000 towards their appraisal fees.
George D. Stoughton State Trial Referee